UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

HARVEY FRENCH & LEONARD LONDON,

                                                    Plaintiffs,

                                                                    **FIRST AMENDED**
                    -against-                                       **COMPLAINT**

THE CITY OF NEW YORK, POLICE OFFICER                CV 13 6440 (BMC)
MICHAEL ESPINOSA (SHIELD # 5471), POLICE
OFFICER JASON FILORAMO (SHIELD # 8090),             Jury Trial Demanded
CAPTAIN ANTHONY GUADAGNO (tax # 923914),
POLICE OFFICERS JOHN DOES 1-5,

                                                    Defendants.

------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

1.      Plaintiffs bring this action against the City of New York and several New

York City Police Officers of the Brooklyn South Gang Squad alleging that defendants violated

their rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States

Constitution and New York state law by falsely arresting them, using unreasonable force on

them, denying them a fair trial and maliciously prosecuting them.  Plaintiffs seek compensatory

and punitive damages, attorney's fees and costs and such other and further relief as the court

deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and

Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court

by 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiffs invoke the supplemental jurisdiction of this Court pursuant to 28

U.S.C. § 1367 to hear and decide their New York state law claims of malicious prosecution and

vicarious liability which form part of the same case and controversy as their federal claims under Article III of the United States Constitution.

4.       Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the City of New York is located in and subject to personal jurisdiction in this District and because the incident in question occurred in this District.

## JURY TRIAL

5.       Pursuant to Fed. R. Civ. P. 38, plaintiffs demand a jury trial.

## NOTICE OF CLAIM

6.       In connection with plaintiffs' claims under state law, a notice of claim was duly filed with the City of New York within 90 days of the dismissal of the criminal charges filed against plaintiffs, more than 30 days have elapsed since such filing, and the City has not offered to settle plaintiffs' state law claims.

7.       Plaintiffs testified at a 50-h hearing.

8.       This action is brought within one year and ninety days of the dismissal of the criminal charges filed against plaintiffs.

## PARTIES

9.       Plaintiffs are residents of the State of New York, County of Kings.

10.       The City of New York is a municipal corporation organized under the laws of the State of New York.

11.       The individual defendants are members of the New York City Police Department ("NYPD").  The defendants were acting under color of state law and within the scope of their employment as members of the NYPD at all relevant times herein.

2

## STATEMENT OF FACTS

12.     On October 8, 2012, at approximately 1:15 a.m., plaintiffs had finished eating dinner at La Cabana restaurant located at 1062 Flatbush Avenue in Brooklyn and were standing in front of the restaurant.

13.     At all relevant times, plaintiffs were obeying the law and not acting in a suspicious manner.

14.     Suddenly, the defendants and several other police officers assigned to the Brooklyn South Gang Squad arrived at the location in an unmarked police vehicle and shouted to plaintiffs: "Who are you?"  Plaintiffs in turn replied: "Who are you?"

15.     In response, the defendants, acting in concert, went over to Harvey French, pushed him to the floor, pushed a knee into the back of his neck, punched him, and handcuffed him excessively tight.  Defendants' actions caused French to suffer pain and injuries including swelling, bruising and a neck strain.

16.     The defendants, acting in concert, went over to Leonard London, grabbed him, threw him to the ground, pushed a knee into the back of his neck and his back, twisted his arms, punched him in the face, choked him, and handcuffed him excessively tight.   Defendants' actions caused London to suffer pain and injuries including swelling, bruising and a neck and back strain.

17.     Without informing plaintiffs of the reason why they were being placed under arrest, defendants took plaintiffs to the 70th Precinct.

18.     While London was in custody at the 70th Precinct, he was taken by ambulance to Maimonides Hospital to be examined and treated for the injuries caused by defendants.

3

19.     While plaintiff French was in custody at the 70th Precinct, Officer Filoramo, acting in concert with the other defendants, falsely charged French with disorderly conduct alleging that French was acting loud and disorderly in front of the La Cabana restaurant.

20.     While plaintiff London was in custody at the 70th Precinct, Officer Espinosa, acting in concert with the other defendants, falsely charged London with disorderly conduct and resisting arrest alleging that London was acting loud and disorderly in front of the La Cabana restaurant.

21.     While plaintiff French was in Brooklyn Central Booking, Officer Filoramo, acting in concert with the other defendants, misrepresented to prosecutors that French committed the offense of disorderly conduct.  Filorama helped create and signed a criminal court complaint charging French with disorderly conduct.

22.      While plaintiff London was in Brooklyn Central Booking, Officer Espinosa, acting in concert with the other defendants, misrepresented to prosecutors that London committed the offenses of disorderly conduct and resisting arrest.  Officer Espinosa helped create and signed a criminal court complaint charging London with disorderly conduct and resisting arrest.

23.      Plaintiffs were arraigned in the evening of October 19, 2013 and released on their own recognizance.

24.     Plaintiffs were required to appear in court on numerous occasions after their arraignments.

25.     On June 12, 2013, in a bench trial part in Criminal Court, Kings County, the criminal charges filed against plaintiffs were dismissed.

4

26.     Plaintiffs suffered damage as a result of defendants' actions.  Plaintiffs were incarcerated for approximately 24 hours and suffered a loss of liberty, emotional distress, fear, anxiety, sadness, embarrassment, humiliation, and physical injuries including pain, swelling, bruising and neck and/or back strains.  Plaintiff London also incurred medical expenses in the amount of $690 and ambulance expenses in the amount of $725.60.

## FIRST CLAIM

### (FALSE ARREST UNDER THE FOURTH AMENDMENT)

27.     Plaintiffs repeat the foregoing allegations.

28.     At all relevant times, plaintiffs did not commit a crime or violation.

29.     Despite plaintiffs' innocence, the defendants arrested plaintiffs.

30.     Plaintiffs were conscious of their confinement, did not consent to their confinement and their confinement was not privileged.

31.     Accordingly, the defendants are liable to plaintiffs under the Fourth Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE UNDER THE FOURTH AMENDMENT)

32.     Plaintiffs repeat the foregoing allegations.

33.     Defendants' use of force upon plaintiffs was objectively unreasonable and caused plaintiffs pain and injuries.

34.     Accordingly, the defendants are liable to plaintiffs under the Fourth Amendment for using unreasonable force.

## THIRD CLAIM

### (DENIAL OF A FAIR TRIAL UNDER THE SIXTH AMENDMENT)

35.     Plaintiffs repeat the foregoing allegations.

5

36.     Defendants maliciously misrepresented to prosecutors that plaintiffs had committed a crime and/or violation.

37.     Defendants' misrepresentations deprived plaintiffs of liberty.

38.     Accordingly, the defendants are liable to plaintiffs under the Sixth Amendment for denying them a fair trial.

## FOURTH CLAIM

## (MALICIOUS PROSECUTION UNDER THE FOURTH AMENDMENT)

39.     Plaintiffs repeat the foregoing allegations.

40.     Defendants maliciously misrepresented to prosecutors that plaintiffs had committed a crime and/or violation and initiated a prosecution against them or played a role in initiating a prosecution against them.

41.     Defendants' misrepresentations deprived plaintiffs of liberty.

42.     The criminal cases filed against plaintiffs were ultimately dismissed.

43.     Accordingly, the defendants are liable to plaintiffs under the Fourth Amendment for malicious prosecution.

## FIFTH CLAIM

## (FAILURE TO INTERVENE UNDER THE FOURTH AND SIXTH AMENDMENTS)

44.     Plaintiffs repeat the foregoing allegations.

45.     Defendants had a reasonable opportunity to prevent the violations of plaintiffs' constitutional rights, but they failed to intervene.

46.     Accordingly, the defendants are liable to plaintiffs under the Fourth and Sixth Amendments for failing to intervene to prevent the violation of plaintiffs' constitutional rights.

## SIXTH CLAIM

### (MALICIOUS PROSECUTION UNDER NEW YORK STATE LAW)

47.     Plaintiffs repeat the foregoing allegations.

48.     Defendants maliciously misrepresented to prosecutors that plaintiffs had committed a crime and/or violation and initiated a prosecution against them or played a role in initiating a prosecution against them.

49.     The criminal cases filed against plaintiffs were ultimately dismissed.

50.     Accordingly, the defendants are liable to plaintiffs under New York state law for malicious prosecution.

## SEVENTH CLAIM

### (VICARIOUS LIABILITY UNDER NEW YORK STATE LAW)

51.     Plaintiffs repeat the foregoing allegations.

52.     Defendants were acting within the scope of their employment as members of the NYPD at all relevant times herein.

53.     Accordingly, the City of New York is vicariously liable to plaintiffs under New York state law for malicious prosecution.

WHEREFORE, plaintiffs request the following relief jointly and severally against the defendants:

a.     Compensatory damages in an amount to be determined by a jury;

b.     Punitive damages in an amount to be determined by a jury;

c.     Attorney's fees and costs;

d.     Such other and further relief as the Court may deem just and proper.

DATED:        January 15, 2013

/s/

_____

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391
richcardinale@gmail.com (not for service)

8